**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John H. McLaughlin, | No. CV-11-1864-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Mortgage Electronic Registration System Inc. and First American Title Insurance Company, | |
| Defendants. | |

Currently pending before the Court are: Defendant Mortgage Electronic Registration System's ("MERS") First Consolidated Motion to Strike Plaintiff's Petition to Quiet Title and Motion to Dismiss (Doc. 6) and Motion for Summary Disposition of Its First Consolidated Motion to Strike (Doc. 7); Plaintiff's Motion to Remand to State Court (Doc. 8); and Defendant First American Title Insurance Company's ("First American") Motion to Dismiss (Doc. 9). The Court now rules on the motions.

## **BACKGROUND**

Plaintiff purchased residential property at 2192 West Central Avenue, Coolidge, Arizona 85228 (the "Property") through financing from First Horizon Home Loan Corporation. (Deed of Trust, Doc. 1-1.) Plaintiff filed a Petition to Quiet Title in state court against MERS and First American, the Trustee named in the subject Deed of Trust, on

1  August 10, 2011.  (Doc. 1-1.)

2  Defendant MERS removed to this Court on September 22, 2011.  (Doc. 1.)  In its
3  Notice of Removal, MERS alleges that this Court has original jurisdiction over this case
4  pursuant to 28 U.S.C. §1332, and therefore can be removed pursuant to 28 U.S.C. §1446,
5  because the parties are diverse and the matter in controversy exceeds $75,000.

6  After removing, MERS moved to Strike/Dismiss the Petition to Quiet Title. (Doc. 6.)
7  In the Motion, MERS argues that the Petition does not meet the pleading requirements of
8  Federal Rule of Civil Procedure 8 and therefore does not constitute a "complaint" sufficient
9  to commence a civil action under Rule 3.  MERS also argues that Plaintiff did not effect
10  service of process on it.

11  Plaintiff filed a Motion to Return Action to State Court for Lack of Jurisdiction (Doc.
12  8) after MERS filed its Motion to Strike/Dismiss, but Plaintiff never filed a Response to
13  MERS's Motion.  Plaintiff argues this Court should remand to state court because Defendant
14  MERS has not demonstrated that the amount in controversy exceeds $75,000.

15  Defendant First American filed a Motion to Dismiss pursuant to Rule 12(b)(6) on
16  November 30, 2011.  First American argues, based on A.R.S. §33-807(E), that Plaintiff has
17  failed to state a claim against it because he has not alleged that First American breached any
18  of the duties it owed as Trustee.

19  **MOTION TO REMAND**

20  Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all
21  civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive
22  of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. §
23  1332(a)(1). The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil
24  action brought in a State court of which the district courts of the United States have original
25  jurisdiction, may be removed by the defendant . . . to the district court of the United States
26  for the district and division embracing the place where such action is pending." 28 U.S.C.
27  § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that
28  originally could have been filed in federal court may be removed to federal court by the

defendant.").

Courts strictly construe the removal statute against removal jurisdiction. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

"In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)(quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id*. at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404.

Plaintiff makes no claim for damages in his Petition. The Petition alleges only the quiet title claim. In a suit to quiet title, the amount in controversy is the value of the subject property. *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011)(holding that the District court properly concluded that the quiet title action satisfied the amount in controversy requirements for diversity jurisdiction where the foreclosed home was assessed at a value of more than $200,000). "In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends." *Woodside v. Ciceroni*, 93 F.1, 4 (9th Cir. 1899).

Plaintiff does not challenge the diversity of the parties, but claims that the amount in controversy requirement is not met. Defendant MERS, as the removing party, has the burden of demonstrating that the value of the Property, which is the subject of the Petition to Quiet Title, exceeds $75,000. MERS makes no arguments regarding the value of the Property, but instead points to the amount of the note – $150,000 – as satisfying the amount in controversy requirement. Sadly for homeowners and the economy, one no longer reasonably can presume that the amount of a mortgage loan equals or is less than the value of the property securing it. The amount of the promissory note simply does not establish the value of the underlying property.

The undersigned realizes that this Court previously has considered the amount of the promissory note when determining the amount in controversy. *See Schultz v. BAC Home Loans Servicing, LP*, 2011 WL 1771679 *2 (D. Ariz. May 10, 2011)("[T]he Court is thus persuaded that the value of the lawsuit is at least the value of the subject property [$128,800] and, more likely, the value of the loan [$299,055.16]."); *Frame v. Cal-Western Reconveyance Corp.*, 2011 WL 1576712 *5 (D. Arizona April 27, 2011)(finding that an action seeking unidentified compensatory, general, and punitive damages and also to quiet title to a property secured by a promissory note in the amount of $181,900 satisfied the amount in controversy requirement). But although the Plaintiff in this case seeks "a judgment ordering the Recorder of Deeds for Pinal County to convey [the Property] to the Petitioner . . .," he does not seek rescission of his loan in the Petition. He does not dispute that he owes *someone* money. And even if rescission of the note ultimately would be a consequence of the litigation, the Court cannot consider monetary collateral effects that follow adjudication when deciding whether the amount in controversy requirement has been met. *Rapoport v. Rapoport*, 416 F.2d 41, 43 (9th Cir. 1969)(holding that the court could not consider the value of the real estate that would be effected by setting aside the divorce decree when determining the amount in controversy).

The Ninth Circuit Court of Appeals has held that in a suit to quiet title the amount in controversy is the value of the subject property, and the Court could not find a Ninth Circuit

Court of Appeals case holding that the amount in controversy in a quite title case actually is the amount of the loan secured by the property at issue. Because Defendant, the party with the burden of proving the amount in controversy more probably than not exceeds $75,000, has introduced no evidence – for instance, the publicly available assessed value of the home – regarding the value of the home, and given the strong presumption against removal, the Court finds that the amount in controvery requirement for diversity jurisdiction is not met under the particular facts of the this case. The Court therefore will grant the Plaintiff's Motion to Remand and will not reach the Defendants' Motions to Dismiss, which shall remain pending before the state court.

Accordingly,

**IT IS ORDERED** Granting Plaintiff's Motion to Remand (Doc. 8) to state court pursuant to 28 U.S.C. §1447(c).

**IT IS FURTHER ORDERED** that Defendant MERS's First Consolidated Motion to Strike Plaintiff's Petition to Quiet Title and Motion to Dismiss (Doc. 6) and Defendant First American's Motion to Dismiss (Doc. 9) remain pending for decision by the state court.

**IT IS FURTHER ORDERED** Denying as moot MERS's Motion for Summary Disposition of Its First Consolidated Motion to Strike (Doc. 7).

DATED this 1st day of May, 2012.

James A. Teilborg
United States District Judge